IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ECN FINANCIAL, LLC, successor to ECN, FINANCIAL CORP. : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ERIC KEITH CHAPMAN, : <br> Defendant. : | CIVIL ACTION <br><br> NO. 17-CV-2842 |

**M E M O R A N D U M**

**STENGEL, C.J.**                                                                                  January 29, 2018

This is a commercial debt collection case. Plaintiff, ECN Financial, LLC, successor to ECN Financial Corp. ("ECN") filed this action to recover amounts allegedly due and owing on a commercial loan provided to defendant, Eric Keith Chapman. Plaintiff's complaint states one cause of action against defendant for breach of contract. Defendant moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 2.) Defendant also moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Id.) Plaintiff opposed the motion. (Doc. No. 4.)

I.     **Background**

On November 30, 2015, Mr. Chapman entered into a Loan and Security Agreement with Element Financial Corp. to finance the purchase of a 2012 Peterbilt truck. (Compl. at ¶ 4; Doc. No. 4, Ex. A.) The loan agreement required Mr. Chapman to make 48 monthly payments of $2,203.03, plus applicable taxes. (Compl. at ¶ 5; Doc. No.

1

4, Ex. A.) Defendant made nine payments, but failed to make any further payments after September 2, 2016. (Compl. at ¶ 6.) Pursuant to the terms of the loan agreement, ECN elected to accelerate the balance due. (Id. at ¶ 8.) The total amount due on the loan agreement as of the date of the default was $94,730.29. (Id.)

## II. Procedural History

On March 30, 2017, plaintiff filed a Complaint in the Montgomery County Court of Common Pleas alleging one claim for breach of contract. (See Doc. No. 1.) On June 21, 2017, Mr. Chapman removed this matter to the United States District Court, Eastern District of Pennsylvania. (Doc. No. 1.) On July 6, 2017, Mr. Chapman filed the instant motion to dismiss and accompanying memorandum of law. (Doc. No. 2.)

## III. Standard

"Article III of the Constitution limits the scope of the Federal judicial power to the adjudication of cases or controversies." In re Schering Plough Corp. Intron/Temadar Consumer Class Action, 678 F.3d 235 (3d Cir. 2012) (citing U.S. Const., Art. III, §2). The courts have developed several doctrines to enforce the case or controversy requirement. Id. Once such doctrine is the requirement that a "litigant have standing to invoke the power of a federal court." Id. The standing question asks whether a litigant "has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Id. (quoting Warth v. Seldin, 422 U.S. 490, 498-99 (1975)) (citing Baker v. Carr, 369 U.S. 186, 204 (1962)).

2

The plaintiff bears of burden of establishing the "irreducible constitutional minimum" of Article III standing by demonstrating the following:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or hypothetical'." Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Travelers Indem. Co. v. Cephalon, Inc., 32 F. Supp. 3d 538 (E.D.Pa. 2014) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)) (alterations in original). Pursuant to Rule 12(b)(1) the court shall dismiss a claim for lack of subject matter jurisdiction if the plaintiff lacks standing to bring the claim. See Moore v. Angie's List, Inc., 118 F. Supp. 3d 802, 805 (E.D.Pa. 2015).

In deciding a motion to dismiss under 12(b)(1) the court must first determine whether the defendant asserts a facial or factual attack on jurisdiction. Gould Elecs. Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000). If the attack is facial, the court "may consider only the allegations of the complaint and any documents referenced therein or attached thereto in the light most favorable to plaintiff." Winslow v. Stevens, No. 14-04550, 2015 WL 289998, at *1 (E.D.Pa. Jan. 21, 2015); see U.S. ex rel. Atkinson v. PA. Shipbulding, 473 F.3d 506, 514 (3d Cir. 2007). If the attack is factual, "it is permissible to review evidence outside the pleadings." U.S. ex rel. Atkinson, 473 F. 3d at 514 (citing Gould Elecs. Inc., 220 F. 3d at 176) (citing Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997)).

3

To determine whether a complaint adequately pleads the elements of standing, "courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim . . . ." Travelers Indem. Co., 32 F. Supp. 3d at 545 (citing Schering Plough, 678 F.3d at 243). Rule 8(a) "requires that the complaint contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief' to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must, however, plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citing Twombly., 550 U.S. at 555); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (naked assertions without factual enhancement will not suffice under Rule 8(a).).

The Third Circuit established a three-step approach to determine whether a complaint pleads sufficient factual allegations "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677. This three-step approach requires the following:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Schering Plough, 678 F.3d at 243 (citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 673-75) (alteration in original) (internal quotations omitted). "With respect to 12(b)(1) motions in particular, [t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he

claims . . . rather than facts that are merely consistent with such a right." Id. at 244 (citing Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007)).

IV. Discussion

Defendant argues that plaintiff lacks standing to bring a claim for breach of contract because ECN is not a party to the loan agreement and plaintiff failed to sufficiently plead successor liability. Defendant's motion presents a facial challenge to standing because it concerns a pleading deficiency, not the existence of subject matter jurisdiction in fact, and apart from, the pleadings. See Mortensen v. First Fed Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). Accordingly, I must accept the plaintiff's allegations as correct and draw inferences in plaintiff's favor. Winslow, 2015 WL 289998, at *1.

A claim for breach of a contract under Pennsylvania law requires three elements: "1) the existence of a contract, including its material terms; 2) breach of a duty imposed by the contract; and 3) resultant damages." Gladstone Technology, Partners, LLC v. Dahl, 222 F. Supp. 432, 440 (E.D.Pa. 2016). "In general, a person must be in privity of contract to sue for damages for breach of such contract." Dunkin Donuts Franchised restaurants, LLC v. Claudia I, LLC, No. 12-2010, 2013 WL 3716515, at *3 (E.D.Pa. Jul. 15, 2013); see Al's Auto Inc. v. Hollander, Inc., No. 08-731, 2008 WL 4831691, at *4 (E.D.Pa. Nov. 4, 2008). An entity that is not a party to a contract lacks standing to sue to enforce the terms of the contract. Poskin v. TD Banknorth, N.A., 687 F. Supp. 2d 530, 543 (W.D.pa. 2009).

5

Here, ECN does not dispute that Element Financial Corp. entered into the contract with Mr. Chapman. (See Compl. Ex. A.) Rather, it is plaintiff's position that ECN has standing as the successor in interest to Element Financial.[1] (See Compl. at ¶1.) The complaint states:

> The plaintiff is ECN Financial LLC, successor to Element Financial Corp., a Delaware corporation with a corporate headquarters at 655 Business Center Drive, Horsham, Montgomery County, PA 19044 (hereinafter, "ECN").

(Compl. at ¶1.) This conclusory allegation is insufficient to adequately plead successor liability, and the complaint is otherwise devoid of any evidence tending to support the plaintiff's theory that ECN is the successor to Element Financial. There is no evidence of the transfer of stock, which would demonstrate a merger, or evidence that all assets were sold or transferred to ECN. Cf. In re Lincoln National COI Litigation, 26 F. Supp. 3d 622 (E.D.Pa. 2017) (holding that plaintiff sufficiently pled successor-in-interest liability where plaintiff alleged that "Lincoln National is the successor-in-interest to Jefferson-Pilot" and supported this allegation "with the fact that Jefferson-Pilot issued the life insurance policies, and Lincoln National acquired Jefferson-Pilot in a $7.5 billion cash

---

[1] As a general rule, under Pennsylvania law, "a company which buys the assets of another company is not liable for the debt or liabilities of the purchased company." Al's Auto Inc., 2008 WL 4831691, at *4. There are, however, a number of exceptions which permit successor liability:
> (1) The purchaser expressly or impliedly agreed to assume such obligations; (2) the transaction amounts to a consolidation or merger; (3) the purchasing corporation is merely a continuation of the selling corporation; (4) the transaction is fraudulently entered into to escape liability; (5) the transfer was not made for adequate consideration and provisions were not made for the creditors of the transferor; and (6) the successor undertakes to conduct the same manufacturing operation of the transferor's product lines in essentially an unchanged manner.

U.S. ex rel. Notorfransesco v. Surgical Monitoring Assoc., 09-1703, 2014 WL 4375654, at *4 (E.D.Pa. Sep. 3, 2014) (citing Schmidt v. Boardman Co., 958 A.2d 498, 507 (2008)) (quoting Childers v. Power Line Equip. Rentals, 452 Pa. Super. 94 (1996)).

and stock merger in 2006."). Nor does the complaint describe the contractual agreement between ECN and Element Financial, or demonstrate their relationship or operations after the conversion. Although Rule 8 only requires a short and plain statement of the claims, it is not enough to merely assert that ECN was the successor in interest to Element Financial. See Iqbal, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") The allegations are so sparse as to warrant dismissal of the case under 12(b)(1).

The only evidence cited by plaintiff to support the theory of successor liability is the public record allegedly demonstrating the legal conversion of Element Financial Corp. to ECN Financial LLC. (Doc. No. 4 (citing Ex. B).) Had these documents demonstrated the corporate conversion as plaintiff alleges this would be sufficient to demonstrate successor liability at this stage in the proceedings. In fact, these documents establish the legal conversion of Element Financial Corp. to Element Financial LLC. There is no mention of ECN Financial. Far from proving that ECN is the successor in interest to Element Financial, if anything, these documents further cement that plaintiff lacks standing to bring this claim.

Article III standing requires a showing that the plaintiff suffered an "injury in fact." ECN was not a party to the subject contract and failed to plead facts sufficient to demonstrate successor liability. It follows that ECN is unable to demonstrate an invasion of a legally protected interest. See Schering Plough, 678 F.3d at 245 ("[T]he injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.") (alteration in original). For these same reasons,

7

ECN is unable to demonstrate a causal connection between the injury and the conduct complained of. Even viewing the facts in the light most favorable to the plaintiff, I conclude that plaintiff failed to meet its burden of demonstrating the "irreducible constitutional minimum" of Article III standing. I find that this court lacks subject matter jurisdiction to hear this case and the defendant's motion to dismiss is granted.[2]

V.      **Conclusion**

Plaintiff lacks standing to bring this claim, and the matter is dismissed pursuant to Rule 12(b)(1). Rule 15 of the Federal Rules of Civil Procedure mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the defendant's motion to dismiss the complaint is granted and the complaint is dismissed without prejudice. Plaintiff is given leave to file an amended complaint within twenty days of the filing of this memorandum and order.

An appropriate Order follows.

---

[2] Defendant also argues that this matter should be dismissed pursuant to Rule 12(b)(6) for failure to state a clam because plaintiff failed to plead damages, a necessary element in a breach of contract claim. Because I find that plaintiff lacks standing, I need not reach this issue. However, if I were to analyze this claim, I would find that plaintiff properly pled damages, which is the defaulted loan amount plus interest.